IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00541-MJW

COCONA, INC., a Delaware corporation,

    *Plaintiff,*

*v.*

SHEEX, INC., a Delaware corporation,

    *Defendant.*

---

**DEFENDANT SHEEX, INC.'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

---

Defendant, Sheex, Inc. ("Sheex"), through its undersigned counsel, files the following motion, under Federal Rule of Civil Procedure 12(b)(1), to dismiss Plaintiff Cocona Inc.'s ("Cocona") Complaint for Declaratory Judgment (D.I. 1) ("Complaint") with prejudice for lack of subject matter jurisdiction.

### I.    FACTUAL BACKGROUND

On March 16, 2015, Cocona filed its Complaint, requesting a declaratory judgment of patent invalidity and non-infringement with respect to U.S. Patent Nos. 8,402,580 ("the '580 Patent") and 8,566,982 ("the '982 Patent") (collectively "Patents-in-Suit"). Pursuant to D.C.COLO.L.CivR. 6.1, on April 6, 2015, Cocona and Sheex stipulated to a 21-day extension from April 7, 2015, to April 28, 2015, for Sheex to answer or otherwise response to the Complaint.  D.I. 8.

On April 28, 2015, Sheex signed a covenant not to sue ("Covenant"), which states as follows:

1

> THIS COVENANT NOT TO SUE is made as of April 28, 2015 by Sheex, Inc. ("Sheex"), the owner of U.S. Patent Nos. 8,402,580 ("the '580 Patent") and 8,566,982 ("the '982 Patent"). Cocona, Inc. ("Cocona") has sued Sheex in the United States District Court for the District of Colorado, Case No. 1:15-cv-541-MJW, for declaratory judgment of noninfringement and invalidity of the '580 and '982 patents. Pursuant to *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995), Sheex makes the following covenant not to sue for the purpose of resolving all issues in this litigation. Cocona has represented to Sheex that it does not and has not made, had made, offered to sell, or sold performance sheets. Based on this representation, Sheex unconditionally and irrevocably covenants not to assert any claim of direct or indirect patent infringement against Cocona under the '580 Patent and the '982 Patent, including continuations, with respect to any products currently advertised, manufactured, marketed, used, offered for sale, imported, or sold by Cocona, or any products that were advertised, manufactured, marketed, used, offered for sale, imported or sold by Cocona prior to the effective date of this covenant. This covenant does not extend to products manufactured, sold, or used by Cocona that are not commercially available as of this date. It does not include any modified versions of currently available Cocona products that are substantially different than the current versions of these products. In addition, this covenant does not include any other patents that Sheex currently owns, may hereafter acquire, or that may issue in the future.

*See* Declaration of Esha Bandyopadhyay, ¶ 2, Exh. A.

Counsel for Sheex provided Cocona's counsel a signed copy of the Covenant via email on April 28, 2015. *Id.*, ¶ 3, Exh. B.

## II.    ARGUMENT

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy with its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged 'under all circumstances, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune*, 549 U.S. at 126-27). For the Court to have subject matter jurisdiction, "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks omitted); *see also Benitec*, 495 F. 3d at 1344 ("The burden is on the

party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since.").

It is well established that a covenant not to sue eliminates any case or controversy between the parties to a patent infringement case, and accordingly divests a district court of subject matter jurisdiction. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1056-60 (Fed. Cir. 1995) (promise not to sue "for infringement as to any claim of the patents-in-suit based upon [] products currently manufactured and sold" is sufficient to divest the district court of jurisdiction over declaratory judgment counterclaims for non-infringement, invalidity, and unenforceability); *see also Benitec*, 495 F. 3d at 1349 (holding that the district court properly dismissed counterclaims for declaratory judgment of non-infringement and invalidity on the basis of a covenant not to sue). This is the case even where the covenant not to sue is executed after the declaratory judgment action has been filed. *Id.* at 1343-49.

Sheex's Covenant provides that as of April 28, 2015, the effective date of the Covenant, Sheex will not bring claims of infringement against Cocona under either of the Patents-in-Suit on the basis of Cocona's current or past products. The Federal Circuit has held that such a covenant is sufficiently broad so as to divest this Court of subject matter jurisdiction over declaratory judgment claims. *See*, *e.g.*, *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (covenant not to sue for claims of infringement arising from existing products or use of methods "extinguished any current or future case or controversy between the parties, and divested the district court of subject matter jurisdiction"); *Benitec*, 495 F. 3d at 1343-49 (covenant not to sue "for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action" divests the district court of jurisdiction over declaratory judgment claims); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) ("covenant not to sue for any infringing acts involving products 'made, sold, or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action"); *Super Sack*, 57 F.3d at 1056-60 (promise not to sue "for infringement as to any claim of the patents-in-suit based upon the products currently

manufactured and sold" deemed sufficient to divest the district court of jurisdiction).[1] Accordingly, the language contained in Sheex's Covenant, which is irrevocable and unconditional, divests this Court of subject matter jurisdiction over Cocona's claims.

### III.  CONCLUSION

Sheex's Covenant eliminates any current or future case or controversy between Cocona and Sheex regarding the Patents-in-Suit and Cocona's current and past products.  Without an existing controversy between the parties, this Court does not retain subject matter jurisdiction over Cocona's claims.  Sheex respectfully requests that the Court enter an Order dismissing this case with prejudice for lack of subject matter jurisdiction.

DATED: April 28, 2015                                         Respectfully Submitted,

TURNER BOYD LLP

 */s/ Esha Bandyopadhyay*

Karen I. Boyd
*boyd@turnerboyd.com*
Esha Bandyopadhyay
*bandy@turnerboyd.com*
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone:    (650) 521-5930
Facsimile:     (650) 521-5931

*Attorneys for Defendant Sheex, Inc.*

---

[1] Sheex's Covenant does not cover future modified versions of Plaintiff's existing products that are substantially different from current versions.  This limitation does not cause the Court to retain jurisdiction.  "[A]n actual controversy cannot be based on a fear of litigation over future products."  *Amana*, 172 F.3d at 855.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2015, I electronically filed the above document using the Court's CM/ECF system, which served copies of the above document upon the attorneys of record in this matter.

                                           */s/ Esha Bandyopadhyay*
                                           Karen I. Boyd
                                           *boyd@turnerboyd.com*
                                           Esha Bandyopadhyay
                                           *bandy@turnerboyd.com*
                                           702 Marshall Street, Suite 640
                                           Redwood City, CA 94063
                                           Telephone:     (650) 521-5930
                                           Facsimile: (650) 521-5931

                                           *Attorneys for Defendant Sheex, Inc.*