IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00541-MJW

COCONA, INC., a Delaware corporation,

    *Plaintiff,*

v.

SHEEX, INC., a Delaware corporation,

    *Defendant.*

---

**DEFENDANT SHEEX, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO
SHEEX'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

---

    Defendant, Sheex, Inc. ("Sheex") respectfully submits this Reply to Plaintiff Cocona Inc.'s ("Cocona") Opposition (D.I. 12) ("Opp.") to Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (D.I. 9) ("Mot.").

## I.    INTRODUCTION

    Satisfied by Cocona's representations that it does not make or sell sheets—the only type of product that could possibly infringe the patents-in-suit—Sheex has promised not to sue Cocona for direct or indirect infringement of Sheex's U.S. Patent Nos. 8,403,580 ("the '580 patent") and 8,566,982 ("the '982 patent"), for all current and past products. Cocona agrees that it does not make or sell infringing sheets products, and yet objects that Sheex's covenant not to sue ("Covenant") does not protect Cocona. Although Cocona attempts to confuse the issue by invoking theoretical threats to third parties and hypothetical future products, the only relevant question is whether an actual controversy over the '580 and '982 patents now exists between Cocona and Sheex. The Covenant fully protects Cocona from any imminent threat of litigation

1

by Sheex, including on an indirect infringement theory based on Cocona's licensees. The Covenant thus extinguishes any actual case or controversy between Cocona and Sheex, and divests this Court of subject matter jurisdiction. Under well-established law, the Covenant need not extend to third parties or cover future products. This Court need not—and, lacking jurisdiction, cannot—provide the advisory opinion Cocona apparently seeks that would inoculate it against conjectural future acts of infringement by Cocona's customers or partners.

## II.   ARGUMENT

### A.   The Covenant Is Sufficient to Eliminate Any Case or Controversy Between the Parties and Divest this Court of Subject Matter Jurisdiction.

The Federal Circuit has consistently held in a line of cases beginning with *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) that a covenant not to sue like the one tendered by Sheex eliminates any case or controversy between the parties to a patent infringement case, and divests a district court of subject matter jurisdiction. Cocona argues that Sheex's Covenant is insufficient because it (1) is not tailored to Cocona's role as a technology provider (Opp. at 4-6), (2) does not cover Cocona's activities related to the promotion and production of potentially infringing products (*id.* at 6-8), and (3) does not protect Cocona's partners and customers (*id.* at 8-9).

Cocona's arguments boil down to the same thing: Cocona does not make or sell an infringing product or, in fact, any product that could conceivably be considered infringing. Rather, Cocona licenses technology to third parties who could potentially use that technology to create an infringing product. But Sheex has promised not to sue Cocona for direct *and indirect* patent infringement. Mot. at 2. The Covenant therefore extends to current and past products made and sold by *a third party* as well, and there cannot exist a case or controversy between the parties. Moreover, under well-established case law, as well as the very purpose and scope of the Declaratory Judgment Act, there is no declaratory judgment jurisdiction on the basis of future products, or because customers or partners could be the target of a theoretical lawsuit.

2

1.  **Cocona's Concerns Regarding Future Products are Insufficient to Create a Case or Controversy.**

Cocona attempts to distinguish *Super Sack* by arguing that Cocona is involved in "present activity" that may infringe on Sheex's patent rights, purportedly unlike the defendant in *Super Sack*. Opp. at 6-7. Cocona states that it provides licensees with guidelines relating to bedding products, performs quality control, allows licensees to use its logo, and promotes the benefits of bedding products using its technology, actions which Cocona believes could constitute acts of indirect infringement. *Id.* at 7.

Just as in *Super Sack*, however, Sheex's promise not to sue "renders any past or present acts of infringement that [Cocona] may or may not have committed irrelevant to the question whether a justiciable controversy remains." *See Super Sack*, 57 F.3d at 1060. And, just as in *Super Sack*, Cocona does not contend that its activities constitute "already taken meaningful preparatory steps" to develop a new product "that may later be said to infringe." *See id.* at 1059-60. Rather, Cocona contends that its present licensing activities *might* lead to infringing products, produced by third parties, which are not yet commercially available, *i.e.*, future products. As in *Super Sack*, this is "simply too speculative a basis for jurisdiction." *See id.* at 1060. The Federal Circuit has rejected precisely the argument Cocona makes. *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) ("Amana argues that the Quadlux covenant did not remove Amana's reasonable apprehension of being sued with regard to its new products 'in the pipeline,' but not advertised, manufactured, marketed, or sold before the filing date. However, an actual controversy cannot be based on a fear of litigation over future products.").

2.  **Cocona's Role as a Technology Provider Confirms Sheex's Understanding That Cocona Does Not, and Cannot, Currently Infringe the Patents-in-Suit.**

Cocona's argument that it has a "reasonable apprehension" that its customers or affiliates may face an infringement suit for products incorporating Cocona's technology similarly fails. Opp. at 8-9. In the cases cited by Cocona that involve a covenant not to sue, the relevant apprehension was that the customer or affiliate would face suit for infringing products that the

3

*declaratory judgment plaintiff had made and sold* to the customer (or, at the very least, infringing products *produced for* the plaintiff, in the case of a supplier).  Because Cocona—by its own representation—does not make or sell an infringing product, it cannot reasonably have this apprehension.  Cocona's reliance on these cases is therefore misplaced.  Any cases cited by Cocona that do not involve covenants not to sue are also inapposite.  Here, Sheex's Covenant erases any threat to Cocona.

        **a.**    **Any Controversy Between Sheex and Cocona is Disposed of by the Covenant Not to Sue.**

In *Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988) and *Grafon Corp. v. Hausermann*, 602 F.2d 781 (7th Cir. 1979)—cases not involving covenants not to sue—the declaratory judgment plaintiff itself made a product or performed a service which the patent holder had intimated was infringing.  *Ecolochem*, 846 F.2d at 733; *Grafon*, 602 F.2d at 782.  In each case, there was a pattern of activity by the patent holder indicating efforts to enforce the patent extra-judicially and a willingness to sue third parties.  *Ecolochem*, 846 F.2d at 733 (patent holder suing a third party, sending accusatory letters to the plaintiff and plaintiff's customers, and professing a willingness to "protect its patent rights whenever appropriate"); *Grafon*, 602 F.2d at 784 (patent holder contacting plaintiff's customers to say that plaintiff had no license and in one case stating that it would seek an injunction against plaintiff).

In both cases, in order to determine whether the plaintiff had a reasonable apprehension that the defendant would soon bring an infringement suit *against the plaintiff itself*, the court considered the defendant's threats to the plaintiff's customers as part of an overall pattern of conduct *ultimately targeting the plaintiff*.  *See Ecolochem*, 846 F.2d at 736 (citing *Grafon*, 602 F.2d at 781).  Here, however, there is no reasonable apprehension of an infringement suit against Cocona: the Covenant removes that possibility in its entirety.  *Ecolochem* and *Grafon* do not stand for the proposition that Cocona's fear of a lawsuit against its third party licensees and partners is, on its own, enough to create an actual controversy between Cocona and Sheex.  The relevant controversy here is between Sheex and Cocona, not Sheex and third parties.  *Cf.*

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1341-42 (Fed. Cir. 2001) ("A suit filed against a different party, even if [the declaratory judgment counterclaimant] could potentially be required to indemnify that party, is not a suit that [the counterclaimant] itself faces. Therefore, the district court correctly determined that it lacked jurisdiction despite [the counterclaimant's] indemnity concerns.").

        **b.**    **Cocona Cannot Have a Reasonable Apprehension of an Infringement Suit Because it Does Not Make or Sell Infringing Products.**

In *Janssen Pharmaceutica, N.V. v. Apotex, Inc.*, 540 F.3d 1353, 1359 (Fed. Cir. 2008) and *Sunshine Kids Juvenile Products, LLC v. Indiana Mills & Manufacturing, Inc.*, No. C10–5697BHS, 2011 WL 862038 (W.D. Wash. Mar. 9, 2011), courts examined the applicability of covenants not to sue to third parties. In *Sunshine Kids*, the defendant had threatened to bring a trade dress infringement suit, before subsequently providing a covenant not to sue.[1] 2011 WL 862038, at *2-3. The court noted that the covenant may have protected the plaintiff, but not its customers and suppliers—with respect to product components *that the plaintiff made and sold* to them (or, in the case of suppliers, for contributing to the plaintiff's infringement). *Id.* at *4-5.

In *Janssen*, the Federal Circuit used a similar line of reasoning in analyzing the reach of a covenant not to sue to affiliates, suppliers, and customers of a drug manufacturing company. *Janssen*, 540 F.3d at 1363. In finding that the covenant not to sue explicitly protected the relevant third parties, the Federal Circuit acknowledged that a declaratory judgment plaintiff might otherwise have been reasonably apprehensive that its customers might be exposed to liability *had they used or sold the plaintiff's allegedly infringing product*. *Id.*

Here, Cocona does not make or sell an infringing product. It need not, therefore, fear that its customers will be exposed to infringement liability for using infringing products manufactured or sold by Cocona. The apprehension that one's customer might be sued on the basis of *an infringing product that one has made and sold to the customer* differs greatly from

---

[1] Although *Sunshine Kids* involved trade dress rights, the court "analyze[d] whether the disputed covenant not to sue extinguishe[d] the controversy under case law involving patent infringement." *Sunshine Kids*, 2011 WL 862038, at *2.

Cocona's fear that its customers might *utilize Cocona's technology to subsequently produce an infringing product*. That a third party *might* use a raw material supplied by Cocona—even a specialized one like Cocona's 37.5® fiber—to make an infringing product does not create an actual controversy between Cocona and Sheex. This is entirely too speculative to be the basis of subject matter jurisdiction. *Cf. Super Sack*, 57 F.3d at 1060.

### c. Cocona's Concerns Regarding Future Patents are Premature.

Cocona objects that the Covenant does not cover pending related Sheex patents. Opp. at 9-10. The Federal Circuit has been clear: the potential future existence of a patent "is wholly speculative and, therefore, cannot create a present controversy." *Amana Refrigeration*, 172 F.3d at 856.

### B. The Summary of Cocona's Representations in the Covenant Is Supported by Statements Made by Cocona's CEO and Sheex's Reliance on These Statements Does not Violate Rule 408.

Cocona contends that the statement in Sheex's Covenant that "Cocona has represented to Sheex that it does not and has not made, had made, offered to sell, or sold performance sheets" is an unsupported characterization of Cocona's position. Opp. at 3-4 (quoting Mot. at 2). Cocona also asserts that inclusion of this statement in Sheex's Motion to Dismiss violates Federal Rule of Evidence 408. *Id.* These contentions are both false.

The summary of Cocona's position included in Sheex's Covenant is well supported by the statements of Cocona's CEO, Jeff Bowman, made in emails sent to Sheex personnel in late November and early Decemeber 2014.[2] *See* Declaration of Cindy Dipietrantonio, ¶ 2, Exh. A ("Cocona does not make or sell knitted sheets. Neither are we involved in the design of those products. All we do is sell fiber, which our licensees blend with natural fibers and knit into yarn

---

[2] The email from Jeff Bowman dated December 1, 2014, mentions a discussion between Jeff Bowman, Cindy Dipietrantonio (President of Sheex), and Michelle Brooke-Marciniak (Co-Founder and Co-CEO of Sheex) that had taken place the week before. Declaration of Cindy Dipietrantonio ¶ 3, Exh. B and ¶ 4. This discussion between representatives of Sheex and Cocona occurred after the filing of Sheex's suit in Delaware, during the period in which Cocona claims that "[r]ather than respond to Cocona's attempts to communicate, SHEEX remained silent for four months . . . ." (Opp. at 1).

and then make the yarn into sheets."); *id.* ¶ 3, Exh. B ("Cocona does not make knitted sheets, we have no input into either the design or construction of the knitted sheets featuring 37.5® technology currently sold at Sleep Number (SN), and we were not involved in any way in the sale of that product to SN. . . .  In reviewing Cocona's website it does appear that Cocona is offering knitted sheets for sale even though we do not do so.  That confusing language is being removed from Cocona's website this week.  I regret if that language caused you to mistakenly conclude that Cocona was designing, manufacturing, causing to be manufactured or offering to sell knitted sheets.").  These emails reflect discussions between businesspeople under no duty of confidentiality.  It is the representations made in those discussions that are summarized in the Covenant, and offered to show lack of declaratory judgment jurisdiction only.

Rule 408 only bars admission of statements made during settlement negotiations "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."  Fed. R. Evid. 408(a).  Here, the claims in the declaratory judgment action relate to the validity and infringement of the '580 and '982 patents.  D.I. 1 ¶¶ 44-59.  Sheex did not offer Cocona's statements to prove or disprove these claims, but to show lack of case or controversy.  *Cf. Nat'l Presort v. Bowe Bell + Howell Co.,* 663 F. Supp. 2d 505, 508 (N.D. Tex. 2009) (holding that Rule 408 does not bar evidence from settlement negotiations to establish the existence of a case or controversy).  Sheex has done nothing to violate Rule 408.

### III.     CONCLUSION

The Covenant eliminates any justiciable controversy between the parties.  Cocona's arguments that the Covenant cannot do so because it does not reach third parties, future products, or unissued patents, are groundless.  Cocona's objections to Sheex's reliance on the statements of Cocona's CEO regarding Cocona's business are similarly baseless.  Because this Court does not retain subject matter jurisdiction over Cocona's claims, Sheex respectfully requests that this Court enter an Order dismissing this case with prejudice.

7

8

DATED: June 4, 2015　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　TURNER BOYD LLP

　　　　　　　　　　　　　　　　　　　　　 /s/ Esha Bandyopadhyay

　　　　　　　　　　　　　　　　　　　　　Karen I. Boyd
　　　　　　　　　　　　　　　　　　　　　*boyd@turnerboyd.com*
　　　　　　　　　　　　　　　　　　　　　Esha Bandyopadhyay
　　　　　　　　　　　　　　　　　　　　　*bandy@turnerboyd.com*
　　　　　　　　　　　　　　　　　　　　　702 Marshall Street, Suite 640
　　　　　　　　　　　　　　　　　　　　　Redwood City, CA 94063
　　　　　　　　　　　　　　　　　　　　　Telephone:　(650) 521-5930
　　　　　　　　　　　　　　　　　　　　　Facsimile:　(650) 521-5931

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Sheex, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2015, I electronically filed the above document using the Court's CM/ECF system, which served copies of the above document upon the attorneys of record in this matter.

      /s/ Esha Bandyopadhyay
Karen I. Boyd
*boyd@turnerboyd.com*
Esha Bandyopadhyay
*bandy@turnerboyd.com*
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone:     (650) 521-5930
Facsimile: (650) 521-5931

*Attorneys for Defendant Sheex, Inc.*